

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2007

# Go v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3236

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Go v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1284.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1284

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3236
_____

MOOI KUE GO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A95 149 591)
Immigration Judge:  Rosalind K. Malloy
_____

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2007

Before:  FISHER, JORDAN and ROTH, *Circuit Judges*.

(Filed:   April 17, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Mooi Kue Go seeks review of an order of the Board of Immigration Appeals

("BIA") affirming the Immigration Judge's ("IJ") denial of her request for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"). For the following reasons, we will dismiss the petition in part and deny the petition in part.

I.

Because we write only for the parties, who are familiar with the facts, we forgo a lengthy recitation of the factual and procedural background of this case. Go, a native and citizen of Indonesia, arrived in the United States on a visitor's visa on March 4, 2000. Go is of Chinese ethnicity and a baptized Catholic. She operated a storefront bakery for many years in the Surabaya region of the island of Java. Go closed her bakery at the beginning of 1999 due to fire damage and sold cakes door to door for the next six months. In August 1999 she opened a vending stall. Go testified that she was harassed by a Muslim man on three occasions during 1999. During the first incident, the man warned her not to sell her cakes in the area if she was a Christian or a Catholic. Another time the man demanded money, and threatened Go with a sharp object when she refused. In September 1999, Go closed her vending stall and lived off her savings until her departure for the United States in March 2000.

Go was served with a notice to appear charging her with violating § 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B), for overstaying her visa. Go conceded removability and filed an application for asylum, withholding of removal and protection under the CAT on August 20, 2001. After conducting a hearing, the IJ denied Go's applications. The IJ determined that Go's application for asylum was untimely as it was filed more than one year after she entered

2

the United States. The IJ also determined that Go failed to prove past persecution and that she did not present any evidence that she would be tortured if she returned to Indonesia. Additionally, the IJ found that Go's testimony was not credible.

Go appealed to the BIA, and the BIA affirmed the IJ's denial of Go's claims. Go filed this timely appeal.

## II.

We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a)(1).[1] In this case, because the BIA affirmed the IJ's decision without an opinion we review the decision of the IJ. *Partyka v. Attorney Gen.*, 417 F.3d 408, 411 (3d Cir. 2005). We must affirm the opinion of the IJ if there is substantial evidence in the record to support it. *Senathirajah v. INS*, 157 F.3d 210, 216 (3d Cir. 1998). Under the substantial evidence standard, the IJ's "findings must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdeille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)).

## III.

Go argues that the IJ's denial of withholding of removal was not supported by substantial evidence. The Attorney General "may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that

---

[1]We do not have jurisdiction to review Go's petition as to her asylum claim because it was not timely filed. *Sukwanputra v. Gonzales*, 434 F.3d 627, 634 (3d Cir. 2006). Therefore, we dismiss this part of the petition for lack of jurisdiction.

3

country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A).  To be eligible for withholding of removal, Go had to prove that her life or freedom would be threatened if she returned to Indonesia.  *See* 8 C.F.R. § 208.16(b).  An applicant must show that it is more likely than not that he or she will face persecution if deported to be eligible for mandatory withholding of removal.  *Lin v. INS*, 238 F.3d 239, 244 (3d Cir. 2001) (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987)).

Go's claim is based upon harassment because of her Chinese ethnicity and Christian faith.  Regardless of the IJ's credibility determination, Go simply did not show past persecution.  *See*, *e.g.*, *Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005).  She testified that she was harassed and threatened by a Muslim man on three occasions, and only once was a reference made to her religion.  These isolated criminal acts do not rise to the level of persecution.  *See id.*  Based on this record, we cannot say that it is more likely than not that Go would be persecuted if she returned to Indonesia.  *See Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993).  Therefore, substantial evidence supports the IJ's determination that Go failed to prove past persecution.

Go further argues that there is a pattern of persecution against Sino-Indonesians and Christian Indonesians that indicates a "clear probability" of persecution if Go were to return to Indonesia.  We have said that "to constitute a 'pattern or practice,' the persecution of the group must be systemic, pervasive, or organized."  *Lie*, 396 F.3d at 537 (quoting *Ngure v. Ashcroft*, 367 F.3d 975, 991 (8th Cir. 2004)).  The record contains the

4

Department of State's Country Report on Human Rights Practices for 2001.[2] The Country Report supports the IJ's determination that Go did not prove that there is a pattern or practice of persecution in Indonesia. Although the Country Report notes episodes of violence directed towards Christians, they were predominately on islands other than Java. Further, the few attacks against Christians in Java were isolated to the western part of the island or Jakarta, the capital city, negating any claim of pervasive or systemic persecution, at least in the Surabaya region of Java. We therefore find that substantial evidence supports the IJ's conclusion that Go has not established a clear probability of persecution.

Go's final claim is that she is eligible for withholding of removal under the CAT. An applicant seeking relief under the CAT must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Sevoian v. Ashcroft*, 290 F.3d 166, 174-75 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)). Nothing in the record indicates that Go was tortured or supports a finding of a likelihood that she will be tortured upon her return to Indonesia. Therefore, we are not compelled to reach a conclusion contrary to that of the IJ's.

IV.

---

[2]In her Brief before this Court, Go specifically points to the State Department Country Report on Human Rights Practices for Indonesia for 2003 and the Department of State 2003 Religious Freedom Report to support her "pattern or practice" of persecution argument. Neither of these documents are part of the administrative record and therefore we do not consider them in our review of this petition. *See Berishaj v. Ashcroft*, 378 F.3d 314, 330-31 (3d Cir. 2004).

5

For the foregoing reasons, we conclude that substantial evidence supports the IJ's decision to deny relief as to the withholding of removal and CAT claims. Therefore, we will deny the petition as to those claims. Additionally, we will dismiss the petition as to the asylum claim for lack of jurisdiction.